UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAJED ABDALLAH; <br><br> Plaintiff, <br><br> v. <br><br> LITTON LOAN SERVICING <br><br><br><br> Defendant. | CIVIL ACTION <br><br> File No. 11 CV 7757 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, MAJED ABDALLAH (hereinafter referred to as "Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, LITTON LOAN SERVICING (hereinafter referred to as "Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA").

**JURISDICTION AND VENUE**

2. This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d), 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391; Litton Loan Servicing does business in this District and all of the events or omissions giving rise to the claim occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing at 10816 Scarlet Drive, Orland Park, Illinois 60467.

5. At all times relevant to the action, the Defendant, Litton Loan Servicing, was a national mortgage servicer with offices located in Houston, Texas. Litton Loan Servicing was in the business of servicing mortgage loans in the state of Illinois. Litton Loan Servicing serviced the mortgage loan that is the subject of this action, and was the servicer when the subject loan was in default.

## FACTS SUPPORTING CAUSE OF ACTION

6. On or about November 23, 2005, Plaintiff executed a promissory note in favor of Finance America, L.L.C, and mortgage in favor of MERS, Inc. as nominee for Finance America, L.L.C.

7. This note and mortgage were related to the property commonly known as 5950 South Aberdeen Street, Chicago, Illinois 60621 (hereinafter referred to as the "Aberdeen Property").

8. On or about June 17, 2008, Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2006-1, Asset-Backed Certificate Series 2006-1 (hereinafter "Deutsche") filed a mortgage foreclosure action against Plaintiff in the Circuit Court of Cook County, Illinois, Chancery Division. The case was designated as 2008 CH 21794.

9. Thereafter, Plaintiff and Deutsche Bank agreed to resolve the foreclosure with a statutory consent foreclosure settlement.

10. On or about June 29, 2009, a consent judgment of foreclosure was entered in favor of Deutsche. Also, the consent foreclosure stipulation signed by Plaintiff was entered. *See* Exhibit

A, a true and correct copy of the consent judgment of foreclosure. *See also* Exhibit B, a true and correct copy of the consent foreclosure stipulation.

11. In Illinois, a consent foreclosure is a statutory remedy which is codified at 735 ILCS 5/15-1402.

12. The operative effect of a consent foreclosure is to vest title to the subject property in the foreclosing lender and absolve the defendant home owner of any liability for a deficiency judgment, effectively discharging any remaining debt obligation.

13. 735 ILCS 5/15-1402(c) states: "Any judgment entered pursuant to Section 15-1402 shall recite the mortgagee's waiver of rights to a personal judgment for deficiency and shall bar the mortgagee from obtaining such a deficiency judgment against the mortgagor or any other person liable for the indebtedness or other obligations secured by the mortgage."

14. As such, as of June 29, 2009, Plaintiff's repayment obligations under the promissory note were fully discharged and terminated. *See* Exhibit A. *See also* 735 ILCS 5/15-1402.

15. On April 4, 2011, Defendant sent Plaintiff a letter entitled, "Notice of Default and Intent to Accelerate." *See* Exhibit C, a true and correct copy of the letter.

16. This letter demanded the sum of $54,258.23 to reinstate the loan associated with the Aberdeen Property.

17. The letter further indicated that Litton Loan Servicing intended to accelerate the loan and demand the full amount due in 45 days, and that it may initiate foreclosure proceedings if the loan was not reinstated or paid in full.

18. On May 13, 2011, Defendant issued a billing statement to Plaintiff. *See* Exhibit D, a true and correct copy of the billing statement.

19. The billing statement indicated that the principal balance of Plaintiff's loan was $219,899.76, with a total due of $57,942.24.

20. On October 14, 2011, Defendant sent a Notice of Servicing Transfer to Plaintiff care of Plaintiff's counsel. *See* Exhibit E, a true and correct copy of the Notice of Servicing Transfer.

21. On October 19, 2011, Defendant faxed a Payoff Statement to Plaintiff's counsel, indicating that the total debt due to Defendant is $302,007.38. *See* Exhibit F, a true and correct copy of the payoff statement.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The Defendant violated 15 U.S.C. §§1692e(2)(A), 1692e(5), 1692e(10) & 1692f(6)(C) by misrepresenting its status as the lawful holder of an undischarged debt and by misrepresenting the debt's status as being in default.

24. Defendant further violated the above sections of the FDCPA by threatening to take an action that cannot legally be taken, by using these false representations in an attempt to collect a debt, and by threatening to accelerate the loan, a non-judicial action designed to effect dispossession or disablement of the Aberdeen Property.

25. Given that the underlying debt had been fully extinguished upon the entry of the June 29, 2009 consent foreclosure judgment and order, Defendant had no legal right to attempt to collect the extinguished debt from Plaintiff.

26. Upon information and belief, it is part of Defendant's normal business practices to continue attempting to collect discharged or otherwise extinguished debts.

27. The Plaintiff, as a result of the conduct of the Defendant, has suffered mental anguish and emotional distress. In particular, Plaintiff has been unable to sleep due to the uncertainty caused by Defendant's continued unlawful attempts to collect a debt that has been long settled.

28. The Plaintiff is therefore entitled to an award of statutory damages, actual damages, punitive damages and legal fees pursuant to 15 U.S.C. 1692k.

WHEREFORE, Plaintiff, MAJED ABDALLAH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory, actual, and punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. ordering the deletion of all adverse credit reporting related to the loan;

d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

29. Plaintiffs restate and reallege paragraphs 1 through 28 as though fully set forth herein.

30. The Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

31. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared

> unlawful whether any person has in fact been misled, deceived or damaged thereby.
>
> 815 ILCS 505/2.

32. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce.

33. The April 4, 2011 letter and May 13, 2011 billing statement represent the use of deception, fraud and false pretense in an attempt to collect a discharged or otherwise extinguished debt.

34. Defendant intended that Plaintiff rely on its misrepresentations.

35. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.
>
> 815 ILCS 505/10a

36. As pled in paragraphs 23 through 25 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

37. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which the Defendant routinely engages as part of its business model.

38. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, MAJED ABDALLAH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. ordering the deletion of all adverse credit reporting related to the loan;

d. awarding the Plaintiff costs and reasonable attorney fees;

e. awarding any other relief as this Honorable Court deems just and appropriate.

**Jury Demand**

Plaintiff demands trial by jury.

                        Respectfully Submitted,

                        By: ___s:/Matthew H. Hector____

                        **Matthew H. Hector**
                        Attorney for Plaintiff

**Name**            Sulaiman Law Group, Ltd.
**ARDC #:**       6279456
**Attorney for:**   Plaintiff
**Address:**      900 Jorie Blvd., Suite 150
**City/State/Zip:** Oak Brook, IL 60523
**Telephone:**    (630) 575-8181